FreemAN, J.,
delivered the opinion ‘of the Court.
The question presented in this case is, what' commissions the Sheriff is entitled to, who had levied an attachment on a stock of goods of defendant, the invoice value of which was estimated to be $4,445.43.
The attachment was issued in pursuance of the prayer of a' 'bill filed, to recover an indebtedness of defendant to complainant, amounting to about $2,600.
A Receiver was appointed by the Chancellor, and by consent the goods levied on were ordered to be sold, and proceeds held in Court, subject to the final action of the Court in the case.
*421 The defendant, Armstrong, it seems, became a bankrupt, and by consent of parties, the bill of complaint was dismissed, and the attachment discharged, all costs that had accrued to be paid out of the funds arising from the sale of the property attached. It was agreed that complainants were to receive $500 out of the funds in the hands of the Receiver, and the balance of the funds were to go to the assignee in bankruptcy; complainants to come in pro rata as other creditors, under said proceedings in bankruptcy.
The Chancellor decreed that the Sheriff was entitled to commissions on the $500 received, and on any additional sum which the complainant may receive by virtue of the above compromise decree, ¡.and not on the whole amount of complainant’s debt, as was insisted by the Sheriff, from which decree there was an appeal to this Court.
The question depends on the proper construction of the second section of Act of March, 1867, chap. 39, p. 60, Pamphlet Acts, which is, “That in all cases of attachment suits, where the Sheriff of any County in this State may levy an attachment, and the amount for which the .attachment is levied shall be paid or satisfactorily settled, the Sheriff levying the same shall be entitled to the same commissions as in cases of executions.”
As far as we have been able to see, there was no provision made in terms in the Code for any commissions for collecting officers, except on executions. This statute plainly, was intended to give the Sheriff, who had levied an attachment on property to secure a debt or sum of money due the plaintiff in the attachment, commissions on *422 tbe amount of such debt, where the same was paid or satisfactorily settled after such levy. Taking the language literally, it would only give the commissions where the whole debt was paid or settled; but a fair construction of it entitles the officer to his commissions on whatever amount may be realized by payment from the defendant in the attachment after the levy.
The statute, however, certainly did not intend that the officer should have his commissions, whether the plaintiff realized his whole debt or not, on the full amount of such debt.
If the debt “was satisfactorily settled,” can only fairly mean an adjustment, and satisfaction of it without paying the money; as where, by compromise, it shall be paid in the property levied upon by plaintiff’s attachment, or where the debt should be satisfied in some other way than by payment of actual cash. To the extent of such satisfaction, the Sheriff will be entitled under this statute to his commissions, but no further.
The Chancellor’s decree rests on this principle, and gives the commissions on the $500, and to this extent he was correct.
As to the commissions on the sum to be received in a pro rata distribution of the bankrupt’s estate, we think he erred. That is to be had under a different proceeding, and is not adjudged to complainant in the compromise decree. It fairly means, that the complainant will simply look to that source, and seek to obtain what, he can, as a creditor of the estate, and will not further prosecute his attachment suit, the same being dismissed on payment of the $500. It is not “satisfactorily settled” within the *423 meaning of tbe statute, by this arrangement; but the same may be settled in full, or in part, dependent on the amount the bankrupt proceedings may pay the creditors of the bankrupt in the final distribution of his assets.
The decree will be affirmed, so far as it allows commission on the $500, and reversed as to balance.
The Sheriff and his sureties, for appeal will pay the costs of this Court.